**FEDERAL TRADE COMMISSION,**
Plaintiff-Appellee,

v.

**Harry STROIMAN, d/b/a Empire Builders Company, Defendant-Appellant.**

No. 19939.

United States Court of Appeals,
Eighth Circuit.

July 9, 1970.

Stanley P. Gimbel of Gimbel, Gimbel & Boyle, Milwaukee, Wis., for defendant-appellant.

William D. Rauckelshaus, Asst. Atty. Gen., Morton Hollander, and Walter H. Fleischer, Dept. of Justice, Washington, D.C., and Allen Donielson, U. S. Atty., Des Moines, Iowa, on brief for plaintiff-appellee.

Before MATTHES, Chief Judge, JOHNSEN, Senior Circuit Judge, and LAY, Circuit Judge.

PER CURIAM.

This is an appeal from a civil contempt order of the federal district court. It arose from the refusal of the defendant, Harry Stroiman, to produce certain documents described in the Federal Trade Commission's subpoena *duces tecum* issued on May 7, 1968, to the defendant and implemented by the district court's order of January 13, 1969, and April 7, 1969. On July 28, 1969, when the defendant did not fully comply with the court's orders, the district court adjudged the defendant in civil contempt. It was

ordered that defendant pay a fine of $100 per day commencing July 29, 1969, and every day thereafter for continued noncompliance. The district court specifically reserved any order on the previously filed criminal contempt charge relating to punishment for past noncompliance of its orders.

On July 29, 1969, to avoid any fine, Stroiman complied with the district court's order and produced the requested documents. On August 12, 1969, the defendant appealed from the district court's order of July 28, 1969, adjudging him in civil contempt.

On July 28, in a hearing before the district court, Judge Stephenson observed that the defendant was actually in contempt of the court's order since April 16 and that if his original order enforcing the subpoena was affirmed on appeal, he was going to punish the defendant for his failure to abide by the court's orders of January 13 and April 2. Pending at that time was an appeal from the district court's original order of January 13, enforcing the Commission's subpoena. In view of the defendant's full compliance with the subpoena, on motion of the Commission on August 1, 1969, the appeal from the order of enforcement was dismissed by this court as being moot.

■■ Defendant urges this court to review the validity of the contempt charge because he fears prosecution for criminal contempt and a fine for his past contemptuous conduct. The defendant's approach overlooks that on July 29, upon compliance with the Commission's subpoena and with the subsequent dismissal of the main action, the district court's order enforcing the civil contempt proceeding became immediately abated. See Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 451, 452, 31 S.Ct. 492, 55 L.Ed. 797 (1910); De Parcq v. United States District Court for So. Dist. of Iowa, 235 F.2d 692, 700 (8 Cir. 1956).

The order adjudging the petitioner in civil contempt was remedial only, and upon compliance with the court's original order of enforcement there existed no pending controversy for this court to pass upon. In effect, defendant seeks an appeal from a future sanction which may in fact never be invoked.[1]

The appeal is ordered dismissed as moot.

---

1. The government on appellate argument announced that the criminal contempt charge has now been dismissed.