In re GRAND JURY PROCEEDINGS.

Appeal of Robert W. BROWN, witness.

No. 77–1860.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1978.
Decided April 24, 1978.

Harlow B. King, Robert W. Brown, Rob-
ert E. Fitzgerald, Jr., of Hoskins, King,
McGannon, Hahn & Hurwitz, Kansas City,
Mo., on brief, for appellant.

Ronald S. Reed, U. S. Atty., Kansas City,
Mo., M. Carr Ferguson, Asst. Atty. Gen.,

Gilbert E. Andrews, Robert E. Lindsay, and Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief, for appellee.

Before LAY and BRIGHT, Circuit Judges, and HANSON, Senior District Judge.*

PER CURIAM.

Robert W. Brown, an attorney, was held in contempt of court for failing to comply with a grand jury subpoena duces tecum. Brown appeals from a later order in which the district court allowed the Government to withdraw the subpoena but refused to vacate the contempt order. We direct the district court to vacate the contempt order, but we affirm its decision to deny Brown costs and attorney's fees.

On February 25, 1977, a grand jury investigating possible income tax violations by one of Brown's clients subpoenaed records held by Brown. Brown refused to produce the records despite a court order enforcing the subpoena. Upon motion by the Government, the district court found Brown in civil contempt and ordered that he be confined until he is willing to comply with the court's order. The court, however, stayed execution of the order pending an appeal by Brown. Brown then brought his initial appeal to this court. While that appeal was pending, the Government decided to pursue the indictment without the subpoenaed records. The Government requested this court to remand the case to the district court to enable the Government to withdraw the grand jury subpoena. Brown did not oppose the Government's motion, but he requested that the order of remand direct the district court to vacate the contempt citation. In addition, he asked this court to award him costs and attorney's fees. On July 14, 1977, this court remanded the case to the district court "without prejudice to appellant's pursuing in the United States District Court the matters claimed in his response to appellee's motion in this Court."

On remand, the district court on August 30, 1977, granted the Government's motion to withdraw the grand jury subpoena and permanently stayed the execution of sentence for Brown's contempt, but refused to vacate the contempt citation and denied Brown costs and attorney's fees. The present appeal is from the August 30th order.

■ First, Brown challenges the merits of the district court's initial order directing him to comply with the subpoena. That issue, however, became moot when the court granted the Government's motion to withdraw the subpoena. *See S. E. C. v. Naftalin,* 460 F.2d 471 (8th Cir. 1972); *United States v. Watson Chapel School District No. 24,* 446 F.2d 933 (8th Cir. 1971), *cert. denied,* 404 U.S. 1059, 92 S.Ct. 739, 30 L.Ed.2d 747 (1972); *F. T. C. v. Stroiman,* 428 F.2d 808 (8th Cir. 1970). We therefore decline to review the merits of the underlying controversy.

■ Brown also argues that he is entitled to costs and attorney's fees under 28 U.S.C. § 2412 (1970), 42 U.S.C.A. § 1988 (Supp. 1977), and Rule 54(d) of the Federal Rules of Civil Procedure, which allow the prevailing party to recover costs and attorney's fees. The Government gave the following reason for withdrawing the subpoena:

When the litigation attendant upon the grand jury subpoena duces tecum to Brown became counterproductive and unduly delayed the indictment and trial of [Brown's client], the Government quite properly proceeded with the main matter * * *.

Under these circumstances, Brown has not established that as a matter of law he qualifies as a "prevailing party." Thus, he is not entitled to costs and attorney's fees as a matter of right, and the district court acted within its discretion in requiring each party to bear its own expenses.

Finally, Brown charges that the district court erred in refusing to vacate the order holding him in contempt. He argues that the continuing existence of that order may

---

* WILLIAM C. HANSON, United States Senior District Judge, Southern District of Iowa, sitting by designation.

injure his reputation as an attorney and may result in sanctions by the Missouri Bar Association.

The purpose of a civil contempt order is to provide a remedy for one of the parties. *Shillitani v. United States,* 384 U.S. 364, 368, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797 (1911). If the complaining party is no longer entitled to the benefit of the contempt order, the contempt proceedings should be terminated. *Parker v. United States,* 153 F.2d 66, 71 (1st Cir. 1946). Having withdrawn its subpoena, the Government is no longer entitled to any benefits of the contempt order, and no independent reason for continuing the order exists. Thus the case has become moot. The contempt order should be vacated and the action dismissed in its entirety. *See Board of School Commissioners v. Jacobs,* 420 U.S. 128, 130, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Hall v. Beals,* 396 U.S. 45, 50, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Shillitani v. United States, supra,* 384 U.S. at 365, 86 S.Ct. 1531.

Accordingly, we affirm the order of the district court denying costs and attorney's fees, but we remand the case to the district court with instructions to vacate the contempt order against Brown.