Curtis B. DANNING, as Trustee in Bankruptcy of Fenton, Lavine & Co., a partnership, Plaintiff-Appellee,

v.

Beau Berlinski LAVINE, Defendant-Appellant.

No. 77–1192.

United States Court of Appeals, Ninth Circuit.

April 14, 1978.

Rehearing Denied June 26, 1978.

Roy L. Kight (argued), Marina Del Rey, Cal., for defendant-appellant.

Richard S. Berger (argued), of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, SNEED and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

The first issue on this appeal is whether a complaint by a bankruptcy trustee alleging that defendant had received either a fraudulent conveyance or a voidable preference was sufficient to support a default judgment. The second issue is whether or not an order holding defendant a recalcitrant witness under 28 U.S.C. § 1826 for refusing to answer questions at a deposition may continue in effect after a default judgment has been entered against the defendant.

The appellee, Danning, is the trustee in bankruptcy for Fenton, Lavine & Co. (Fenton). Before commencement of the bankruptcy proceedings, Fenton was a clearinghouse member for the West Coast Commodities Exchange. In May of 1973 the Exchange determined that the funds in the accounts Fenton maintained for its customers were insufficient. The Exchange demanded that Fenton increase its capital by $200,000 to cover potential losses.

Then followed a series of alleged transactions by the appellant, Lavine, a co-principal in Fenton, and we summarize only the essential elements here. Using her maiden name, Lavine obtained a $200,000 bank loan and deposited the sum in the Fenton trading account. After the deposit was made, a check for $175,000 was drawn by Fenton to the order of Lavine and delivered to her. Further transactions occurred, the net result of which was that Fenton's financial statements did not disclose that the $175,000 check had been drawn.

On October 22, 1973, two days before Fenton filed a petition for an arrangement under chapter XI of the Bankruptcy Act, Lavine had the $175,000 check certified and then converted into a number of cashier's checks. She used $25,000 to repay a portion of her loan. She purportedly delivered the remaining checks to an unidentified party, and those checks were subsequently cashed.

The trustee commenced the instant action against Lavine, alleging that if the $175,000 had been given to Lavine as payment of a debt owed to her, she had received a voidable preference under section 60(b) of the Bankruptcy Act, 11 U.S.C. § 96(b), and that if the money had been the capital of the bankrupt, the payment to Lavine was a fraudulent conveyance under section 67(d) of the Bankruptcy Act, 11 U.S.C. § 107(d). The trustee sought to depose Lavine to learn the name of the party or parties to whom the balance of the cashier's checks had been transferred. After failing to appear at a number of scheduled depositions, Lavine appeared at a deposition on June 23, 1976, but refused to answer the pertinent questions. The district court then ordered

Lavine to appear at a deposition on July 1, 1976 and to answer the questions. Lavine appeared as ordered but again refused to answer. There followed another court order to appear and answer, and this time Lavine failed to appear at all. The trustee moved to hold Lavine in contempt, and at the hearing on the motion Lavine sought permission to withdraw her answer to the trustee's complaint, thereby submitting to a default judgment. Her motion was allowed; default was entered. The court scheduled a hearing on November 30, 1976 to determine the amount of the judgment, and deferred to that time its ruling on the trustee's motion to hold Lavine in contempt.

Lavine failed to appear at the November 30 hearing. The court entered judgment of default in favor of the trustee. The district court also ruled, under 28 U.S.C. § 1826, that Lavine was a recalcitrant witness and ordered her committed to the custody of the United States Marshal until such time as she answered the questions put to her at the depositions. In light of these facts we turn to the contentions of the parties.

*Appeal from the Default Judgment*

Lavine first appeals from the default judgment entered in favor of the trustee. Notwithstanding the fact that the default judgment was entered after Lavine's own motion to withdraw her answer, Lavine now claims that the complaint is insufficient to support the default judgment and that entry of the default judgment was error.

■ Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *see Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1977). However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975). "On appeal, the defendant, although he may not

challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* at 1206 (citations omitted); *accord, Thomson v. Wooster, supra*; 9 Moore's Federal Practice ¶ 203.06, at 720 (2d ed. 1975). The issue here is whether the allegations in the complaint are sufficient to state a claim on which the trustee may recover, either on the theory that Lavine received a voidable preference or because Fenton made a fraudulent conveyance. Appellant contends that the complaint is insufficient to support either theory because the trustee omitted sufficient allegations of insolvency.

■ The complaint alleges insolvency only in general terms. In the causes of action relating to a fraudulent conveyance, the complaint stated that: "At the time of said transfer, [Fenton] was, or was thereby rendered, insolvent." Record, vol. I, at 2. Similarly, as to the voidable preference, the complaint alleged that: "At the time of said transfer, [Fenton] was insolvent and defendant [Lavine] then had reasonable cause to believe that [Fenton] was insolvent." Record, vol. I, at 4. Appellant claims that this general allegation is insufficient and that the trustee was required to plead specific facts showing insolvency. We disagree.

We note that the trustee contends that insolvency was not an essential element for recovery on three of the five counts of his complaint, and hence that the default judgment should be affirmed as to those counts. We need not determine whether or not the trustee is correct in this argument, since we hold that the insolvency allegations were adequate.

In a plenary action brought by a trustee in bankruptcy to set aside a transfer of property as either a voidable preference or as a fraudulent conveyance, the pleadings are governed by rule 8 of the Federal Rules of Civil Procedure. 2A Moore's Federal Practice ¶ 8.17[4], at 1756–57 (2d ed. 1975); 3 Collier on Bankruptcy ¶ 60.61, at 1119–20 (14th ed. 1977). Pleadings under the Federal Rules should be liberally construed, and "a complaint should not be dismissed for

insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" 2A Moore's Federal Practice ¶ 12.08, at 2271–74 (2d ed. 1975) (emphasis in original; footnote omitted).

This court in another context has held that a general allegation of insolvency in a complaint constitutes an allegation of an ultimate fact and is therefore a sufficient pleading. *In re Interstate Oil Co.*, 63 F.2d 674, 675 (9th Cir. 1933) (petition in bankruptcy). Further, in an action seeking to recover a voidable preference, a complaint alleging insolvency in substantially the same terms as the complaint in the instant case has been upheld as stating ultimate facts, not conclusions. *Hummel v. Wells Petroleum Co.*, 111 F.2d 883 (7th Cir. 1940).

In light of the foregoing authorities and the liberal pleading standards embodied in rule 8, we conclude that the trustee adequately pleaded the allegations of insolvency. The facts in the complaint are deemed admitted by virtue of the default judgment, and the judgment of default is therefore affirmed.

*Appeal from the Order of Contempt*

■ Appellant next challenges the district court's order holding her in contempt for failing to disclose the identity of the person to whom she transferred the money. On appeal, Lavine contends that after entry of final judgment, the district court could no longer hold her in contempt.

The order of the district court must be deemed one of civil, not criminal, contempt.

Sanctions were imposed under 28 U.S.C. § 1826. That section "is intended to codify present civil contempt practice." H.R. Rep.No. 91–1549, 91st Cong., 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Admin. News, 4007, 4008. As such, "[t]he confinement is civil, not criminal; its purpose is to secure the testimony through a sanction, not to punish the witness by imprisonment." *Id.* at 4022. The trustee concedes that the order was one of civil contempt but nevertheless argues that a civil contempt order may survive final judgment.

In the instant case the questions were put to Lavine as part of discovery in the trustee's suit. The depositions were taken to obtain a judgment and no further discovery for this purpose was necessary after entry of the judgment.[1] It was improper to use the sanctions of 28 U.S.C. § 1826 to secure testimony at a deposition that was no longer necessary in the proceeding. *See Shillitani v. United States*, 384 U.S. 364, 370–71, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Backo v. Local 281, United Brotherhood of Carpenters*, 438 F.2d 176 (2d Cir. 1970); *F.T.C. v. Stroiman*, 428 F.2d 808 (8th Cir. 1970) (per curiam); *Yates v. United States*, 227 F.2d 844, 847 n.4 (9th Cir. 1955) (dictum); *Harris v. Texas & Pacific Railway Co.*, 196 F.2d 88, 90 (7th Cir. 1952). For this reason we vacated the district court's order of contempt.[2] We acknowledge that if during the course of discovery in aid of execution on the judgment, Fed.R.Civ.P. 69(a), appellant had refused to disclose the identity of the person who received the proceeds, a contempt order compelling her to answer

---

1. *Cf. United States v. Cappetto*, 502 F.2d 1351 (7th Cir. 1974). In *Cappetto*, the trial court held the defendants in contempt for refusal to obey discovery orders and in addition entered a default judgment. The Seventh Circuit held that even though judgment had been entered the district court retained authority to enforce the civil contempt citation and to imprison the defendants until they complied with the discovery order. *Id.* at 1359. While the court did not address the basis for the contempt order, it appears that the questions propounded to the defendants continued to be relevant to the main proceeding since only a preliminary injunction had been ordered and the district court was still considering whether other types

of relief could appropriately be granted. *Id.* The purpose of the discovery order had not yet abated and therefore continuing coercion was appropriate. Another interpretation of *Cappetto*, also consistent with this opinion, is that disclosure may have been part of the remedy obtained and hence the default judgment raised no possibility of abatement.

2. In an order from the bench, we affirmed the judgment of the district court but vacated its order holding appellant in contempt. We also denied the trustee's motion for sanctions against Lavine for prosecuting a frivolous appeal. *Danning v. Lavine*, No. 77–1192 (9th Cir., June 1, 1977).

might be proper. That situation, however, is not presented by this appeal. The discovery contemplated by rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings. We note that California law places special limitations on post-judgment discovery procedures, further indicating the separate nature of such proceedings. *See, e. g.,* Cal. Civil Proc.Code §§ 714, 714.5 (West Supp. 1977) (judgment debtor may be examined only once every four months); *id.* §§ 714, 717 (notice to appear required to have warning in boldface type that failure to appear may result in contempt); *id.* § 717.1 (limitation on distance a judgment debtor may be required to travel; tender of payment for mileage required). Similar restrictions may be appropriate in a proceeding under rule 69(a). However, as we have discussed, Lavine was held in contempt for her continued failure to answer the questions put to her before the default judgment was entered, not for any refusal to respond to post-judgment discovery.

While the record is far from clear, it appears that the district court may have held Lavine in contempt pursuant to Federal Rule of Civil Procedure 37 as well as under 28 U.S.C. § 1826. All that we have said in explaining why we vacated the order holding appellant a recalcitrant witness under section 1826 applies with equal force to a civil contempt order under rule 37 in this case. Under either section 1826 or rule 37 the order was one of civil contempt and was entered for failure to respond to prejudgment discovery.[3]

*Trustee's Request for Sanctions*

The trustee moved for sanctions against appellant for prosecuting a frivolous appeal. Sanctions are inappropriate, however, since the appeal from the district court's order of contempt had merit.

For the foregoing reasons we have previously entered an order vacating the orders

holding appellant in contempt and affirming the judgment of the district court in all other respects.

In view of our resolution of the default judgment issue in favor of appellee, a pending motion by appellee to strike certain exhibits and portions of appellant's brief pertaining to that issue is rendered moot and we decline to rule on the motion.

---

3. We are aware that, on its face, rule 37 arguably permits a district court both to enter default judgment and to hold a defendant in civil contempt when discovery orders are disobeyed. We believe, however, that our conclusion as to the abatement of section 1826 contempt citations should apply equally to rule 37. Once default judgment is entered, there is simply no further purpose to be served by the imposition of civil contempt sanctions.