**UNITED STATES of America and Donald A. Welter, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**Joseph G. ABODEELY, Respondent.**

No. C 83–36.

United States District Court, N.D. Iowa, Cedar Rapids Division.

May 24, 1983.

---

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for petitioners.

Arthur N. Nasser, Chicago, Ill., R. Fred Dumbaugh, Cedar Rapids, Iowa, for respondent.

## ORDER

McMANUS, Chief Judge.

This matter was tried to the court on March 15, 1983 pursuant to the court's March 2, 1983 order directing respondent to appear and show cause why he should not be held in contempt. All briefs, memoranda and arguments have been received and considered and the court now makes the following:

### Findings of Fact

1. On January 18, 1983 this court issued an order enforcing an Internal Revenue Service (IRS) summons against respondent. Findings of fact regarding events preceding January 18, 1983 were adopted in the order issued on that date and should be considered as being incorporated herein.

2. On January 19, 1983 the court ordered respondent to comply with the terms of the summons by not later than Friday, January 28, 1983.

3. Respondent received copies of, but failed to fully comply with, the court orders of January 18 and 19, 1983, thus on March 2, 1983 the court ordered respondent to show cause why he should not be held in contempt.

4. Respondent appeared in person and was represented by an attorney at the show cause hearing on March 15, 1983.

5. At the hearing, the government presented evidence which confirmed that respondent had yet to produce all of the records ordered to be produced by the subpoena.

6. Respondent countered by showing that he had his accountants search his tax records for the desired documents but they failed to find them.

7. Respondent testified that he did not personally search his tax records or otherwise act to comply with the summons.

8. Respondent could not say with a certainty that the desired documents were not in the basement of his home where the rest of his tax records were kept.

9. On the afternoon of March 16, 1983, the day after the hearing, respondent's attorney notified the court that respondent had found the missing documents in a file cabinet in the basement of his home.

10. Pursuant to the court's March 16, 1983 telephonic order to respondent's attorney, the documents were turned over to petitioner on March 17, 1983.

11. As a direct result of the show cause hearing, the United States incurred costs of $74.48; the United States Attorney expended 9.75 hours and the IRS agents put in 26 hours of work.

*Conclusions of Law*

■ 1. Civil contempt is a remedial sanction used to obtain compliance with a court order or to compensate complainant for damage incurred as a result of non-compliance. *NLRB v. Blevins Popcorn Co.,* 659 F.2d 1173, 1184 (D.C.Cir.1981); *United States v. Work Wear Corp.,* 602 F.2d 110, 115 (6th Cir.1979); *In re Grand Jury Proceedings,* 574 F.2d 445, 447 (8th Cir.1978).

2. This action is one for civil contempt.

■ 3. A person is liable for civil contempt if he violates a court order with actual notice that the order has been issued; it is not necessary that the violation be willful or that there was intent to violate the order. *Thompson v. Johnson,* 410 F.Supp. 633, 640 (D.C.Pa.1976), *aff'd,* 556 F.2d 568 (3d Cir.1977).

■ 4. Respondent has clearly and convincingly violated an order of this court and is therefore liable for civil contempt.

■ 5. The court has inherent power to punish contemptuous behavior and may exercise its civil contempt power to compensate the injured party for the actions of the contemnor by awarding civil contempt damages, including attorney fees. *Jim Walter Resources, Inc. v. International Union, United Mine Workers of America,* 609 F.2d 165, 168–69 (5th Cir.1980); *United States v. Trudell,* 563 F.2d 889, 891 (8th Cir.1977). *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1340 (8th Cir.1975).

■ 6. An award of compensatory damages, expenses and attorney fees, for civil contempt, may be made not only to private parties but to governmental agencies as well. *Commodity Futures Trading Commission v. Premex, Inc.,* 655 F.2d 779, 786 (7th Cir.1981).

7. Petitioner has been injured as a result of respondent's contempt and is therefore entitled to recover its expenses in the amount of $1,123.32.[1]

It is therefore

ORDERED

1. Joseph G. Abodeely is adjudged in contempt for his failure to produce summoned records as ordered by this court on January 18 and 19, 1983.

2. Joseph G. Abodeely shall pay the sum of $1,123.32 to the United States Attorney, United States District Courthouse, Cedar Rapids, Iowa, by not later than Friday, June 3, 1983.

May 24, 1983.

---

1. 
| | | |
|---|---|---|
| Marshal fees | $ | 9.48 |
| Copy of transcript to prepare brief | | 65.00 |
| Attorney fees – 9.75 hrs. @ $60/hr. | | 585.00 |

IRS agents
| | | |
|---|---|---|
| Welter – 13 hrs. @ $20.15/hr. = | 261.95 | |
| Gray  – 13 hrs. @ $15.53/hr. = | 201.89 | |
| | 463.84 | |
| Total | $1,123.32 | |