967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SYLVESTER, RUUD, PETRIE & CRUZEN, a Washington partnership,
Plaintiffs-Appellees,
v.
Colin HALPERN; NPS Shareholders Investment Corp.; NPS
Corp.; NPS Technologies Group, Inc.,; Nuclear
Power Services, Inc.; NPS Industries,
Inc., Defendants-Appellants.
 No. 91-35123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided June 25, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm, for the reasons stated by the District Judge. That process was not properly served by mail is immaterial, because the defendants waived service. The district court's findings of fact are reviewed for clear error, Meadows v. Dominican Republic, 817 F.2d 1247, 1256 (9th Cir.1987), and we see none in the finding of waiver. Nor did the district court err in determining that the defendants were not entitled to notice under Rule 55(b)(2) because they had not appeared in the action within the meaning of that provision. The defendants had not appeared, nor had they made informal contacts showing a clear purpose to defend the suit. Under the liberal pleading standards of Federal Rule of Civil Procedure 8, the averments of the complaint sufficiently established a basis for judgment against all the defendants, including Halpern. Danning v. Lavine, 572 F.2d 1386, 1388-89 (9th Cir.1978).
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3