[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10763
Non-Argument Calendar
_____

D. C. Docket No. 08-00085-MC-T-17-TBM

UNITED STATES OF AMERICA,

Petitioner-Counter-
Defendant-Appellee,

versus

JAMES B. THORNBERRY,

Respondent-Counter-
Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 9, 2009)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

James B. Thornberry appeals the district court's orders compelling him to comply with an Internal Revenue Service summons and finding him in contempt for not complying with that order. He makes a variety of contentions, all of which are meritless. The district court's order compelling Thornberry to comply with the summons adopted the magistrate judge's well-reasoned report and recommendation, and we affirm that order for the reasons stated in the report and recommendation.[1]

We add the two points. First, Thornberry's challenge to the district court's contempt order is moot because Thornberry purged himself of the contempt by complying with the district court's underlying order. See In re Grand Jury Subpoena Duce Tecum, 91-02922, 955 F.2d 670, 672 (11th Cir. 1992). Second, to the extent that Thornberry makes additional arguments on appeal, we need not address them because he did not raise them before the district court. See, e.g., Tech. Coating Applicators, Inc. v. United States Fidelity and Guaranty Co., 157 F.3d 843, 846 (11th Cir.1998) (declining to consider an argument on appeal because the district court did not have an opportunity to address it).

---

[1] Although Thornberry filed his appeal of the district court's order compelling him to comply with the IRS's summons more than thirty days after the order was entered, we nonetheless have jurisdiction because the district court did not set out its judgment as a separate document, as required by Federal Rule of Civil Procedure 58. As a result, Thornberry had 150 days from date when the final order was entered in the civil docket to file his notice of appeal. See Fed. R. Civ. Pro. 58(c)(2)(B); Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 843 (11th Cir. 2008). He met that deadline.

**AFFIRMED.**