NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEAN REIDHEAD, individually and
as successor trustee of the Terrence
and Jean Reidhead Family Trust, and
as personal Representative of the
Estate of Terrence Reidhead,
deceased; REIDHEAD SAND &
ROCK, INC., an Arizona
corporation; COLBI ADAMS,
personal representative of the Estate
of Patrick Kent Reidhead,

     Plaintiffs – Appellants,

v.

JOSEPH P. MEYERS, husband;
CARIBBEAN FINANCIAL
CORPORATION, a Delaware
corporation; JANE DOE MEYERS,
wife; AZTECA CERAMICA SA,
a Panama corporation;
INDUSTRIAS CERAMICAS
OLLIM S.A. DE C.V., a foreign
entity; MINERAL FOUNDATION,
a private foundation organized under
the laws of the Republic of Panama;
VIKKI A. HIGGINSON,

     Defendants – Appellees.

No. 10-16798

D.C. No. 3:07-cv-08027-MHM

**MEMORANDUM**<sup>*</sup>

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted July 18, 2012[**]
San Francisco, California

Before:     FERNANDEZ, PAEZ, and NGUYEN, Circuit Judges.

Jean Reidhead,[1] Patrick Kent Reidhead,[2] and Reidhead Sand & Rock, Inc.

(RS&R), (collectively the Reidheads) appeal the district court's entry of a default

judgment against them and in favor of Caribbean Financial Corporation (CFC)[3] on

counterclaims that, at root, arose out of a contract dispute.  We affirm in part,

reverse in part, and remand.

(1)     The Reidheads first claim that the district court erred when it entered a

default judgment against them as a sanction.[4]  We disagree.

---

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

[1]Jean Reidhead appeals for herself; as successor trustee of the Terrence and
Jean Reidhead Family Trust; and as personal representative of the Estate of
Terrence Reidhead, deceased.

[2]Patrick Kent Reidhead died during the pendency of this appeal and Colbi
Adams, personal representative of his estate, has been substituted in his place.

[3]Although a number of individuals and entities are listed in the caption as
Appellees, only CFC answered the complaint and filed counterclaims, and the
judgment appealed from ran in favor of CFC alone.

[4]We note that the district court granted a motion for default judgment by

(continued...)

The district court made it plain that it based its decision on its inherent power, although it also made some reference to Federal Rule of Civil Procedure 41(b).  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992); Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  Even though the last straw was the violation of a discovery order,[5] the district court properly relied upon its inherent power[6] because the violation was simply part and parcel of what the district court denominated the Reidheads' "pattern of unreasonable delay [and] their disregard for the Court's case management schedule."  Moreover, we have generally used the same five factors in analyzing

[4](...continued)
order issued on June 7, 2010, and entered June 8, 2010, although it did not determine damages at that time.  On July 29, 2010, it issued an order granting damages and fees and on August 16, 2010, it entered judgment for damages and fees.  The Reidheads appealed from the latter order and judgment only, and did not specifically appeal the earlier order granting the motion for default judgment.  However, the parties consider the earlier order to be encompassed in the appeal.  So shall we.  See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 897–98 (9th Cir. 2001).

[5]For a mere discovery violation, discovery sanctions must be applied.  See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207, 78 S. Ct. 1087, 1093, 2 L. Ed. 2d 1255 (1958); Fjelstad v. Am. Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985).

[6]See Chambers v. NASCO, Inc., 501 U.S. 32, 50–51, 111 S. Ct. 2123, 2135–36, 115 L. Ed. 2d 27 (1991); Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997).

default sanctions under the rules and under the district court's inherent powers[7] when we have set out to consider whether a district court has abused its discretion.[8]

Here the district court carefully weighed all of the factors set forth in our case law, and we are unable to say that it abused its discretion in so doing. The record supports the determination that the Reidheads failed to comply with the district court's attempts to move the case along and in so doing ignored or disobeyed court orders, while depriving CFC of the ability to obtain proper information regarding their claims and to proceed to closure. Moreover, the district court had imposed sanctions and delivered warnings on a number of occasions, all to little long-term avail. See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F.3d 1217, 1228–29 (9th Cir. 2006); Malone, 833 F.2d at 132. Nor can the Reidheads excuse themselves by saying that much of the delay and noncompliance was counsel's doing. See Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1472 n.3 (9th Cir.

---

[7]See Leon v. IDX Sys. Corp., 464 F.3d 951, 958, 960 (9th Cir. 2006) (inherent power); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412–13 (9th Cir. 1990) (Rule 37(b)); Malone v. U.S. Postal Serv., 833 F.2d 128, 130, 132 (9th Cir. 1987) (Rule 16(f)); Ferdik, 963 F.2d at 1260–61 (Rule 41(b)); see also Estrada v. Speno & Cohen, 244 F.3d 1050, 1055–56 (9th Cir. 2001) (slightly different articulation of the standards); Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379–80 (9th Cir. 1988) (same).

[8]See Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995).

1990); <u>Malone</u>, 833 F.2d at 134. Therefore, the district court's decision to enter a default against the Reidheads was not an abuse of discretion.[9]

(2) RS&R asserts that because a cause of action for conversion was not stated against it, the district court erred when it entered a damage judgment against RS&R based upon the conversion of cinders that belonged to CFC. When a default sanction is applied to a party that has appeared and participated in district court proceedings, that party can challenge the sufficiency of the complaint on appeal for the first time. <u>See</u> <u>Hester v. Vision Airlines, Inc.</u>, No. 11-15646, slip op. 8291, 8306 (9th Cir. July 18, 2012); <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 916, 918 (9th Cir. 1987) (per curiam); <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978); <u>see also</u> <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1391–92 (9th Cir. 1988). Thus, we consider RS&R's argument, and are constrained to agree with it. In order to set forth a claim for conversion against RS&R, CFC had to allege that RS&R had interfered with CFC's control of the cinders. <u>See</u> <u>Universal Mktg. & Entm't, Inc. v. Bank One of Ariz., N.A.</u>, 53 P.3d 191, 193 (Ariz. Ct. App. 2002). CFC failed to do so. While it did plead generally that the Reidheads had converted its property, that was merely a legal conclusion.

---

[9]In their reply brief, the Reidheads argue that the district court did not determine that their conduct was willful. That argument came too late. <u>See</u> <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999); <u>Kim v. Kang</u>, 154 F.3d 996, 1000 (9th Cir. 1998).

5

The only factual allegations regarding conversion dealt with the actions of Terrence and Patrick Reidhead; RS&R was not even mentioned. That will not do. See Ashcroft v. Iqbal, 556 U.S. 662, 677–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009); DirecTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Thus, we reverse the conversion judgment against RS&R and remand for further proceedings.

(3)     The Reidheads next claim that Patrick Reidhead could not be liable for conversion because, in effect, Patrick did not convert CFC's property. However CFC properly pled that he did convert the property, and the argument that he did not is foreclosed by the default judgment.

(4)     Finally, the Reidheads, other than RS&R,[10] assert that attorney's fees should not have been awarded against them. All of those assertions are foreclosed because the Reidheads either failed to make them to the district court or failed to offer supporting arguments here, or both. See Kim, 154 F.3d at 1000; Crawford v. Lungren, 96 F.3d 380, 389 n.6 (9th Cir. 1996); Pierce v. Multnomah Cnty., 76 F.3d 1032, 1037 n.3 (9th Cir. 1996). Thus, we affirm the attorney's fees award against the Reidheads.

AFFIRMED in part, REVERSED in part, and REMANDED. CFC shall

---

[10]RS&R makes no argument whatsoever regarding the fees.

6

recover its costs on appeal against the Reidheads, with the exception of RS&R.

RS&R shall bear its own costs on appeal.