42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald E. JONES, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES; Los Angeles Sheriff's Department;
Sherman Block, Sheriff; Lawrence C. Delmese, et
al., Defendants-Appellees.
 No. 93-55638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 25, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald E. Jones appeals pro se the district court's dismissal of his claim brought under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Sec. 1961-1968, against defendants, Sherman Block, the Sheriff of Los Angeles County, numerous deputies, his former defense counsel Michael Friedman, and various other county and city of Hawthorne officials and departments. Jones contends that the district court erred by finding that his complaint and RICO statement failed to sufficiently identify Block and Friedman or to plead any wrongful conduct on their part. The district court also found that Jones had failed to plead (1) the "predicate acts" to establish a "pattern of racketeering activity" or (2) the existence of an "enterprise," which is necessary to state a RICO claim. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 This action arises out of a September 1989 search of Jones's house by Los Angeles County Sheriff's deputies and his subsequent arrest and conviction for possession of stolen property. The gravamen of Jones's complaint is that he was unlawfully targeted by Los Angeles County Sheriff's officials, who framed him by arranging for stolen property to be left at his house, and who then obtained a fraudulent warrant to gain access to his house and business records to determine whether he was involved in drug dealing or money laundering. Jones also alleges that Friedman, his defense counsel, participated in the scheme by pressuring Jones to plead nolo contendere to a misdemeanor charge stemming from the incident.
 
 
 5
 On December 16, 1991, Jones filed his complaint pursuant to 42 U.S.C. Sec. 1983, several state-tort theories, and RICO. The section 1983 and state claims were dismissed as time-barred, a ruling which Jones does not challenge on appeal.
 
 
 6
 The district court then issued an order requiring Jones to file a RICO case statement and gave Jones a three-page list of specific information to be contained in the statement. Jones filed a response, which the court subsequently found had "completely fail[ed] to set forth the specific factual and legal allegations requested in the Court's Order to Show Cause." The court then dismissed Jones's RICO claim. Jones filed a motion for reconsideration with an attached RICO statement. The court granted the motion, allowed Jones to file the statement, but eventually granted the defendant's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).
 
 II
 Merits
 
 7
 We review de novo the district court's dismissal for failure to state a claim. Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 
 8
 To properly state a section 1962(c) RICO claim, plaintiff must plead that the defendants conducted an enterprise through a "pattern of racketeering activity." 18 U.S.C. Sec. 1962(c); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir.1989).[1] A pattern of racketeering activity requires predicate acts which "amount to, or ... otherwise constitute a threat of continuing racketeering activity." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989). Moreover, when a plaintiff alleges fraudulent acts as the predicate acts in his RICO claim, Fed.R.Civ.P. 9(b) "requires that circumstances constituting fraud be stated with particularity." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.), cert. denied, 493 U.S. 858 (1989). The plaintiff "must state ... the specific content of the false representations." Id. at 1392-93.
 
 
 9
 In his complaint and in his RICO statement, Jones made a series of general and conclusory allegations. These statements failed to identify the actions of each defendant or to allege the predicate acts necessary to allege a "pattern of racketeering activities" with the requisite specificity or clarity. Thus, because Jones failed to sufficiently allege a claim for violation of RICO, the district court properly dismissed his RICO claim. See Albright, 862 F.2d at 1392.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his RICO statement, Jones invokes RICO subsections (a)-(d) with no attempt to distinguish between them despite the different requirements for each subsection. See 18 U.S.C. Secs. 1962(a)-(d); Schreiber Dist. v. Serv-Well Furniture, Co., 806 F.2d 1393, 1398 (9th Cir.1986). Subsection 1962(a), for example, requires the plaintiff to allege an injury based on the use of "racketeering" income to invest in the "enterprise." See 18 U.S.C. Sec. 1962(a). Here, Jones made no such allegation. Similarly, subsection 1962(b) requires a specific nexus between the control of the enterprise and the racketeering activity. See 18 U.S.C. Sec. 1962(b). Again, neither Jones's complaint nor his RICO statement supports a claim based on this subsection. Moreover, subsection (d) merely makes it unlawful to conspire to violate subsections (a)-(c). See 18 U.S.C. Sec. 1962(d). Thus, the focus of our review is on subsection (c), which prohibits persons employed or associated with an "enterprise" from engaging in "a pattern of racketeering activity." See 18 U.S.C. Sec. 1962(c)
 
 
 [2]
 Because the district court properly determined that Jones failed to adequately allege the requisite predicate acts, we need not address whether the defendants comprised an "enterprise" for purposes of RICO