**ALAN NEUMAN PRODUCTIONS, INC., Plaintiff–Appellee,**

v.

**Jere ALBRIGHT, Defendant–Appellant.**

### No. 86–6085.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1988.

Decided Dec. 9, 1988.

As Amended on Denial of Rehearing March 2, 1989.

Barbara J. Revak and Rufus Cook, Cook Partners, Chicago, Ill., for defendant-appellant.

Frank D. Francone, Slaff, Mosk & Rudman, Los Angeles, Cal., for plaintiff-appellee.

Before TANG, BOOCHEVER and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Alan Neuman Productions, Inc. ("ANPI") obtained judgment on default entered after Albright, having actual knowledge of the filing of the complaint and ANPI's intention to take a default, failed to respond. We affirm in part, reverse in part, and remand.

## FACTS AND PROCEEDINGS

Neuman, a television producer who, through his wholly-owned corporation ANPI, also produces motion pictures, met Albright, an entrepreneur interested in participation in movie financing. Albright had previously entered into an agreement with Mueller, a Dutch financier, whereby Albright was to receive an executive producer's fee for each film financing package Albright brought to Mueller and for which Mueller issued standby letters of credit. The executive producer's fee was to be paid only if the film was actually completed.

Through Albright's negotiations and as a result of his representations, ANPI and Mueller signed a contract on September 19, 1981. In a marginal notation, that contract required that ANPI pay $92,500 to Mueller as a deposit which would be refundable should the letter of credit not be opened. Neuman did not make the deposit at the time of the execution of the agreement, but did make payment after Albright assured him by telephone and telex that the $92,500 would be returned upon Neuman's demand. Neuman demanded and Mueller refused to return the deposit.

After Mueller refused to return Neuman's deposit, Mueller's attorneys in Europe contended that Neuman had misrepresented his financing package and had breached his agreement, but they brought no action against Neuman. Neuman's attorneys wrote to Mueller and Albright advising them that Neuman intended to bring RICO claims. Albright did write to Mueller requesting that Neuman's deposit be returned, but Mueller refused Albright as he had Neuman.

Neuman's attorney filed a complaint on behalf of ANPI against Albright and Mueller and attempted to serve Albright personally while Albright was in California. The process server awaited Albright in an inside hall of an apartment building where Albright had sublet the apartment in which he had previously lived. When Albright appeared, he did not admit who he was and refused to accept the papers from the process server, who laid them at Albright's feet. Albright did advise his Chicago attorneys that service had been attempted, and those attorneys hired a California firm to check the docket for a return of service entry. ANPI's attorneys wrote to Albright confirming to him that he had been personally served and that shortly after the date of that letter the time in which Albright could answer the complaint would run; ANPI's attorneys unequivocally said that they would take a default against Albright should he not answer the complaint.

ANPI filed for and received entry of default by the court clerk against Albright.

Albright hired California attorneys who appeared before Judge Hatter and moved to vacate the entry of default, primarily on the grounds that Albright had not been served. The motion was denied.

The case was reassigned to Judge Rea who, after reconsidering the motion to set aside the default, denied that motion. Mueller was dismissed as a defendant for want of prosecution. ANPI sought entry of judgment on default. An evidentiary hearing was held to determine damages. ANPI's capacity to sue was challenged, briefed, and argued; Judge Rea entered an order finding that ANPI had capacity to sue. During the course of the hearing, Judge Rea expanded its scope by requiring that ANPI make a prima facie showing of liability. Damages for breach of contract and RICO violations were separately computed and attorney fees were awarded.

After issuing findings of fact and conclusions of law, Judge Rea ordered judgment on default in favor of ANPI and against Albright on May 23, 1986. Albright timely appealed.

## ANALYSIS

The issue on appeal is whether the district court erred in its entry of judgment by default pursuant to Fed.R.Civ.P. 55(b) against Albright, who chose not to file a Fed.R.Civ.P. 60(b)(1) motion to set aside that judgment. In *Madsen v. Bumb*, 419 F.2d 4 (9th Cir.1969), this court dealt with the problem of an appeal from a default judgment where the district court had not been asked to set that judgment aside by treating the matter as if appellant had applied for both Rule 55(c) and 60(b) relief in the district court. *Id.* at 6. This treatment is consistent with the Rule 55(c) provision that "[i]f a judgment of default has been entered, [the court] may likewise set it aside in accordance with Rule 60(b)." Considering Albright's appeal similarly, the analytical framework is clear: The factual findings of the district court are reviewed for clear error and, if those findings are not clearly erroneous, the court's determination is reviewed for abuse of discretion. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948) and *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983)(en banc)), *cert. denied*, —— U.S. ——, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

### 1. *Factual Findings*

Judge Rea made 102 specific findings of fact. For purposes of this appeal, the critical findings are those that relate to Albright's conduct and statements associated with service of summons and complaint in this action.

2. On December 10, 1983, ANPI personally served the Complaint on Albright in Los Angeles, California, by personal delivery of the Complaint to Albright. No responsive pleading to the Complaint was filed on behalf of Albright.

\*    \*    \*    \*    \*    \*

4. On March 27, 1984, Albright filed his Motion to Quash Return of Service and Set Aside the Default. In that Motion, Albright stated under penalty of perjury that he had not been served with the Complaint.

5. Subsequently, Albright filed a declaration in which he admitted that he had, in fact, been personally served with the Complaint.

In determining whether these facts are clearly erroneous, we are directed to scrutinize them in light of the record viewed in its entirety. If there is evidence in the record to support them, and if, on the entire evidence we feel no mistake has been committed, then these facts are not clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). "A finding of fact is clearly erroneous when the reviewing court on the entire evidence is 'left with the definite and firm conviction that a mistake has been committed.'" *SEC v. Rogers*, 790 F.2d 1450, 1455 (9th Cir.1986)(quoting *Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir.1985)).

The record supports Judge Rea's findings. Our conclusion that no mistake has been made is substantiated by review of the process server's affidavit, his deposition, Albright's sublessee's deposition, Albright's affidavit in support of his motion to vacate entry of default, Albright's declaration of April 25, 1984 acknowledging in vague terms that he had been approached with "papers," and correspondence between Albright and ANPI's attorneys.

We acknowledge that Albright may not have understood the technical legal requisites of personal service and thus might make the statement that he had not been served with the complaint while later he admitted that he had been served. However, "[w]here there are two permissible views of the evidence, the factfinders choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949)). Judge Rea's findings are not clearly erroneous.

### 2. *Abuse of Discretion*

The second prong of the *Meadows'* analysis of the propriety of a default judg-

ment is a determination of whether its entry constituted an abuse of the district court's discretion. Clearly, the decision to enter a default judgment is discretionary. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir.1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

We have held that a default judgment will not be disturbed if (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside. *Meadows*, 817 F.2d at 521 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985) and *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)(per curiam)).

Essential to the resolution of this appeal is the holding "[i]f a default judgment is entered as the result of a defendant's culpable conduct, however, we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." *Meadows*, 817 F.2d at 521; *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir.1986), *amended*, 807 F.2d 1514, *cert. denied*, —— U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). Those cases have held that the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. That rule, coupled with the record showing that Albright had actual notice of the filing of the complaint, as well as with the evidence he presented that his attorneys monitored the court docket and Neuman's evidence of his attorney's correspondence with Albright make it clear that Albright knew that the complaint had been filed. It was not clearly erroneous for the district court to find that Albright's intentional failure to appear and to answer the complaint constituted culpable conduct. Under these circumstances, we do not believe that it was an abuse of the court's discretion to deny the motion to set aside the default.

### 3. *RICO Claim*

■ Although the entry of default was within the court's discretion, Albright may contest the legal sufficiency of allegations contained in the complaint.

Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal. *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *see Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir.1977). However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir.1975). "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* at 1206 (citations omitted); *accord, Thomson v. Wooster, supra*, 9 Moore's Federal Practice ¶ 203.06, at 720 (2d ed. 1975).

*Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978). *See also Whittlesey v. Weyerhauser Co.*, 640 F.2d 739, 742 (5th Cir. 1981)(per curiam).

■ In this case, the complaint fails properly to allege a claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c) (1982) ("RICO"), based on mail and wire fraud. The allegations of predicate acts in the complaint concerning those elements of RICO are entirely general; no specifics of time, place, or nature of the alleged communications are pleaded. This is a fatal defect under Fed.R.Civ.P. 9(b), which requires that circumstances constituting fraud be stated with particularity.

In *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986), we stated:

We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false

representations as well as the identities of the parties to the misrepresentation.

Schreiber's complaint alleged that:

[T]he Defendants Serv–Well, Landmark, John W. Lee and James A. Lee have engaged in racketeering activity ... by engaging on two or more occasions the use of the United States mail and/or use of interstate telephone calls for the purpose of executing or attempting to execute the aforesaid fraudulent scheme ... all of which conduct or acts are indictable under the provisions of Title 18, United States Code, Section 1341 (relating to mail fraud) and Section 1343 (relating to wire fraud).

Complaint ¶ 30.... The allegations of paragraph 30, standing alone, were not sufficiently particular to satisfy Rule 9(b).

*Id.* at 1401 (citations omitted). The allegations of Neuman's complaint concerning predicate acts of fraud are similarly general referring to "many acts of mail fraud," "many acts of wire fraud," and "many victims."

We believe that pleading requirements should be enforced strictly when default judgments are sought under RICO. *See Falk*, 739 F.2d at 464 (default set aside to the extent that treble damages are secured). Not only is the monetary penalty for failure to answer greatly enhanced by the provisions for treble damages, but a defendant's reputation may be stigmatized.

Neuman contends that the extensive hearing which Judge Rea solicitously permitted cured the pleading defect. Albright, however, had no opportunity to conduct discovery, and the court, while liberally conducting the hearing, indicated that it was limited to the issue of damages. Under these circumstances, we hold that it was error to award a default judgment on the RICO claims.

Upon remand, Neuman may move to amend its complaint, in which event Albright may respond.

### 4. *Sanctions on Appeal*

We are not persuaded that a sufficient showing has been made to warrant imposition of sanctions on appeal; appellee's motion is denied.

### CONCLUSION

Because Albright had actual knowledge of the commencement of the action against him as well as of the plaintiff's intention to take a default, his failure to answer constitutes culpable conduct. Under *Meadows*, the district court's refusal to disturb a default judgment against one guilty of culpable conduct is not an abuse of discretion. However, under *Danning* the legal sufficiency of the complaint supporting the default judgment may be challenged. We find that Neuman's complaint failed to meet the *Schreiber* standards of specificity for pleading RICO predicate acts, and therefore we reverse the entry of the default judgment on the RICO claims. We affirm the entry of default judgment on the non-RICO claims.

AFFIRMED in part, REVERSED in part and REMANDED.