9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felino CABUSORA; Martha Cabusora, Petitioners,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 92-70270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Nov. 1, 1993.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felino and Martha Cabusora petition for review of the decision of the Secretary of the Department of Housing and Urban Development ("HUD"). The Cabusoras contend that the administrative law judge ("ALJ") erred by entering default judgment against them for failing to respond in a timely manner to HUD's Charge of Discrimination. We have jurisdiction under 42 U.S.C. § 3612(i) and deny the petition.
 
 
 3
 "We have held that a default judgment will not be disturbed if (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988) (citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987)), cert. denied, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989); Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992); In re Hammer, 940 F.2d 524, 525-26 (9th Cir.1991). "This tripartite test is disjunctive. Hence, a finding that the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the default is sufficient to justify ... [a] refusal to vacate a default judgment." Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988) (internal citations omitted); Hammer, 940 F.2d at 526. " 'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.' " Price, 961 F.2d at 1473 (citation omitted); see Hammer, 940 F.2d at 526; Meadows, 817 F.2d at 521.
 
 
 4
 Ms. Cabusora received actual notice of the complaint and Charge. Mr. Cabusora received actual notice of the Charge, but testified that he did not read it. In her declaration, Ms. Cabusora stated that English was her second language, that she did not understand the documents, including the Charge, and was unable to protect her rights. Yet, at the hearing Ms. Cabusora testified that she was a registered nurse and that she spoke English in her employment. She had read the documents, including the Charge, Notice and coversheet. The coversheet stated in underlined capital letters, "These are important legal documents. Please read them carefully." It warned: "if you are a respondent, you must file a response in order to avoid a default judgment." The Notice explained that the Cabusoras were respondents and that a written answer had to be filed by September 16, 1991. Thus, the Cabusoras were warned twice that an answer was required. The Cabusoras failed to respond. Despite the clear language in the coversheet and Notice, Ms. Cabusora now says she did not think the documents were important. That does not constitute excusable neglect. See Richmark Corp. v. Timber Falling Consultants, Inc., 937 F.2d 1444, 1449 (9th Cir.1991), cert. denied, --- U.S. ----, 113 S.Ct. 295, 121 L.Ed.2d 219 (1992); Albright, 862 F.2d at 1392; Meadows, 817 F.2d at 521-22.
 
 
 5
 The Cabusoras also claim that they were unfamiliar with the legal system, but the record indicates that they had been involved in small claims court actions at least two times. They had previously hired an attorney to evict their tenants. As for any claims of language limitations, HUD submitted several declarations from personnel who had communicated with Ms. Cabusora. They stated that her English was proficient and that she had no difficulties understanding what they said. The Cabusoras' claim of financial limitations is also weak because, at the time the Cabusoras received the Charge, they owned or had an interest in four houses (renting three) and owned four cars, including a Pontiac 6000 and 1971 Mercedes. Moreover, they were able to hire an attorney immediately in October when they received the ALJ's order to show cause.
 
 
 6
 The ALJ's factual conclusions were amply supported by the evidence. See Morgan v. Secretary of Housing and Urban Dev., 985 F.2d 1451, 1458 (10th Cir.1993); see also Albright, 862 F.2d at 1391 (upholding district court's findings of fact upon review of entry of default judgment). The decision to enter default judgment was not an abuse of discretion.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3