53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 WPM, INC., Plaintiff-Appellee,
v.
FULL PRO INDUSTRIAL COMPANY, LTD., Defendant-Appellant.
 No. 94-55447.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Full Pro Industrial Company, Ltd. ("Full Pro") appeals the district court's entry of a default judgment pursuant to Fed.R.Civ.P. 55(b)(2) in favor of WPM, Inc. in WPM's action alleging trademark infringement and unfair competition.[1] Full Pro contends that the district court abused its discretion by granting the default judgment because it had good cause for failing to file an answer to WPM's amended complaint and attempted to file its answer before the district court entered its default judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On March 18, 1993, the district court clerk entered a default on the docket after Full Pro failed to answer or otherwise respond to WPM's complaint. On June 30, 1993, after considering and implicitly rejecting Full Pro's argument that it was not properly served with a copy of WPM's complaint, the district court granted WPM's motion for entry of default judgment against Full Pro. However, on December 30, 1993, the district court vacated the June 30 default judgment and granted WPM's motion for leave to file an amended complaint naming additional defendants. On January 13, 1994, WPM moved to reinstate the default judgment against Full Pro following the district court's order granting WPM's motion to dismiss the remaining defendants except Full Pro. In its order filed on January 20, 1994, the district court instructed Full Pro to file any opposition to the motion to reinstate default judgment by January 24, 1994. Full Pro failed to file a timely opposition to the motion. Instead, on February 14, 1995, Full Pro moved for (1) an extension of time to file its opposition to WPM's motion to reinstate the default judgment, and (2) leave to file its answer to WPM's amended complaint.
 
 
 5
 On February 16, 1994, the district court entered a default judgement against Full Pro on WPM's claim for injunctive relief and $162,572.00 in damages for infringement of WPM's trademark rights relating to its slotted aerator. In its February 16 order, the district court stated that Full Pro had failed to file an opposition to WPM's motion to reinstate the default judgment and deemed such failure consent to the motion pursuant to Local Rule 7.9.[2] Finally, on February 28, 1994, the district court denied Full Pro's February 14 motion as moot.
 
 II
 Analysis
 
 6
 We review for abuse of discretion the district court's entry of a judgment by default. See Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 7
 Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show that the judgment amount is based upon a definite figure); see also Fed.R.Civ.P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). "[A] default judgment will not be disturbed if (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989). If we determine that a default judgment was entered as a result of defendant's culpable conduct, we need not consider whether defendant has a meritorious defense or the plaintiff would be prejudiced by a decision to set aside the judgment. Id.
 
 
 8
 Here, Full Pro's culpable conduct led to the default judgment. First, Full Pro failed to file a timely answer to WPM's amended complaint. Although Full Pro now states in its opening brief that it was never served with the amended complaint, Full Pro did not state that it was not served with the amended complaint in its motion for leave to file an answer to the amended complaint. Second, Full Pro failed to file a timely response to WPM's motion to reinstate the default judgment even after the district court properly notified Full Pro of the deadline for filing its response. Full Pro does not contend that it was not properly served with either WPM's January 13, 1994 motion to reinstate the default judgment or the district court's January 20 order instructing Full Pro to file any opposition to WPM's motion by January 24. Instead, Full Pro states that its "failure to file a timely answer was not willful ... [b]ecause of illness by Denver counsel and the unavailability of local counsel due to the Los Angeles [Northridge] earthquake," which we note occurred on January 17, 1994. This is a repetition of the excuse made by Full Pro's Denver counsel, R. Raymond Goodwin, in his affidavit filed in support of Full Pro's February 14, 1994 motion. In his affidavit, Mr. Goodwin stated that he had been "ill with severe sinus infections and the flu for the last few weeks ... and unable to complete a response for [his] client." However, Mr. Goodwin failed to say that he was unable to perform legal work and failed to explain why he could not have filed a timely motion for an extension of time to file a response to WPM's motion to reinstate the default judgment. Moreover, we note that Mr. Goodwin is not a solo practitioner and could have sought assistance from his partner. Because Full Pro's culpable conduct led to the entry of default judgment against it, the district court acted did not abuse its discretion by entering default judgment without a hearing. See Davis, 650 F.2d at 1161; see also Fed.R.Civ.P. 55(b)(2).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its notice of appeal, Full Pro also stated that is is appealing from the district court's denial of its untimely motion for an extension of time to file its opposition to WPM's motion to reinstate the default judgment. However, Full Pro has failed to discuss why it believes the district court erred by denying its untimely motion to extend the time to file its opposition. Thus, Full Pro has waived this issue. See Simpson v. Union Oil Co., 411 F.2d 897 (9th Cir.), rev'd on other grounds, 396 U.S. 13 (1969)
 
 
 [2]
 Local Rule 7.9 reads as follows: "Papers not timely filed by a party including any memoranda or other papers required to be filed under this rule will not be considered and may be deemed by the Court consent to the granting or denial of the motion, as the case may be."