60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ralph BRINKLEY, and Lawrence Brinkley, as minor son,
Plaintiff-Appellant,
v.
Evelyn SKJONSBERG; Katrinka Brinkley; John Quinn; Maurice M.
Epstein, and King County; Boulder City Police
Department, Boulder Township; and
Boulder City; Sandra
Saltskill,
Defendants-Appellees.
 No. 94-16625.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Brinkley, suing on behalf of himself and his minor son, appeals pro se the district court's: (1) dismissal of his 42 U.S.C. Sec. 1983 against Judge John Quinn, Magistrate Maurice Epstein, the City of Boulder City, his ex-wife, Katrinka and numerous other private individuals, and (2) denial of his motion for default judgment. We review de novo the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S. Ct. 655 (1992), and for abuse of discretion a district court's denial of a motion for default judgment, Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1391-92 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 * Dismissal
 
 
 4
 Brinkley contends that the district court erred by dismissing various defendants in his action alleging violations of his constitutional rights stemming from the state court issuance of a temporary restraining order ("TRO") and protective order. This contention lacks merit.
 
 
 5
 Here, the district court, after informing Brinkley of the deficiencies of his complaint and allowing him the opportunity to amend, dismissed all but three of the defendants. Brinkley voluntarily dismissed the remaining defendants. We agree with the district court that (1) Judge John Quinn and Court Commissioner Maurice Epstein were entitled to absolute judicial immunity because the complained of acts were performed in their official capacities, see Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); (2) Brinkley failed to allege that the City of Boulder City acted pursuant to an unconstitutional policy or custom, see Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-94 (1978);[2] and (3) private individuals Katrinka Brinkley, Evelyn Skjonberg, Susan Saltskill, Craig and Tanya Viner were not amenable to suit under section 1983, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). Accordingly, we affirm the district court's dismissal.[3] See id.; Thompson, 885 F.2d at 1443; Ashelman, 793 F.2d at 1075.
 
 II
 Default Judgment
 
 6
 Brinkley also contends that the district court erred by denying his motion for default judgment against defendants Skjonsberg and Saltskill. This contention lacks merit.
 
 
 7
 Fed. R. Civ. P. 55 provides that default judgment may be entered when a party "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). The decision whether to enter a default judgment, however, is discretionary. See Alan Neuman Production, 862 F.2d at 1391. In addition, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).
 
 
 8
 Here, the district court denied Brinkley's motion for default judgment against Skjonberg because Skjonberg had filed an answer, and against Saltskill because Saltskill had not been properly served. Accordingly, the district court did not abuse its discretion by denying Brinkley's motions for default judgment. See id.; Alan Neuman Production, 862 F.2d at 1391.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. Accordingly, Katrinka Brinkley's request for oral argument is denied
 
 
 [1]
 We reject defendant Quinn's argument that we lack jurisdiction over him because he was dismissed over thirty days before Brinkley filed this appeal. The Federal Rules of Civil Procedure provide that a district court must dispose of all claims against all parties before there is a final appealable order. 28 U.S.C. Sec. 1291; Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1402 (9th Cir. 1988)
 
 
 [2]
 Brinkley named as defendants Boulder City Police Department, Boulder Township and Boulder City. The district court referred only to the City of Boulder City, noting that the Boulder City Police Department was not a separate entity from the City of Boulder City. To the extent that there is a Boulder Township, we note that it too would be subject to dismissal. See Monell, 436 U.S. at 690-94
 
 
 [3]
 To the extent that Brinkley is seeking injunctive relief related to the issuance of the TRO or protective order, we note that federal district courts do not have jurisdiction over direct challenges to final decisions of state courts or claims whose resolution "are inextricably intertwined with a state court's decision," even when the challenge involves alleged deprivations of constitutional rights. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986)