124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anne ANDREWS, Plaintiff-Appellee,
v.
Everett Ray MULLENS, Defendnt-Appellant.
 No. 96-55907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Filed Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California; D.C. No. CV-94-01102-AHS (EE); Alicemarie H. Stotler, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Everett Ray Mullens appeals pro se the district court's entry of default judgment in favor of Anne Andrews in her action pursuant to Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. §§ 2510-20 ("Title III"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Andrews brought this action after she discovered that Mullens, her former husband, was wiretapping and recording her telephone conversations. When Mullens failed to timely answer the complaint, Andrews moved for default. The clerk entered Mullens's default. The following month, the court ordered a preliminary injunction enjoining Mullens from wiretapping and requiring him to produce the recordings. Four months later Mullens moved to set aside the default. The district court denied this motion and eventually entered a default judgment of $80,000 in compensatory and punitive damages. The court also permanently enjoined Mullens from wiretapping and recording Andrews's telephone conversations. Mullens appeals that judgment.
 
 
 4
 When an appellant has not asked the district court to set aside a default judgment, see Fed.R.Civ.P. 55(c), 60(b)(1), we review the district court's factual findings for clear error and its determination for an abuse of discretion. See Alan Neuman Prods. v. Albright, 862 F.2d 1388, 1391 (9th Cir.1988) (citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987)). "[A] default judgment will not be disturbed if (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside." Id. at 1392. If we determine that a default judgment was entered as a result of defendant's culpable conduct, we need not consider defendant's defenses or whether plaintiff would be prejudiced by a decision to set aside the judgment. See id.
 
 
 5
 Here, the district court found that, even though Mullens was personally served with the summons and complaint, he failed to timely respond. The court also found, based on uncontroverted declarations, that Mullens had wiretapped and recorded Andrews's conversations, disclosed the existence of those recordings, threatened further disclosures, requested a $20,000 payment from Andrews, and failed to comply with the court's preliminary injunction requiring him to produce the recordings. The record supports the district court's findings, and we find that no mistake has been made. See id. at 1391.
 
 
 6
 Mullens's culpable conduct led to the default judgment. He failed to answer the complaint within 20 days of when it was served.[1] See Fed.R.Civ.P. 12(a)(2); Albright, 862 F.2d at 1392 (noting that defendant's conduct is culpable if he receives notice of the filing of the action and intentionally fails to answer). Because Mullens's culpable conduct led to the default judgment., we need not consider his defenses or whether Andrews would be prejudiced by a decision. to set aside the judgment. See Albright, 862 F.2d at 1392.
 
 
 7
 Accordingly, the district court did riot make clearly erroneous findings of fact and it did not abuse its discretion by entering the default judgment. See id. at 1391-92.
 
 
 8
 Mullens also contends the district court abused its discretion by awarding damages and attorneys' fees. We disagree. Given the facts of this case, the district court did not abuse its discretion by awarding damages, see 18 U.S.C. § 2520(c)(2), and attorneys' fees, see Nelson v. Pima Community College Dist., 83 F.3d 1075, 1080 (9th Cir.1996).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Andrews's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Mullens argues that default was improper because he had requested an extension of time to file an answer, we note that, because his request for an extension was not submitted until after the answer was due, it was never properly before the district court. See Fed.R.Civ.P. 12(a)(2)