CONNECTICUT GENERAL LIFE IN-
SURANCE COMPANY; Equitable
Life Assurance Society of the United
States; Cigna Employee Benefits Ser-
vices, Inc.; Aetna U.S. Healthcare,
Inc.; United Healthcare Corporation,
fka United Health Group Incorporat-
ed dba United Health Group; Huma-
na, Inc.; Aetna Life Insurance Com-
pany, Plaintiffs—Appellees,

v.

NEW IMAGES OF BEVERLY
HILLS, et al., Defendants,

and

Haya Zilka, Defendant—Appellant.

No. 03–56237.

D.C. No. CV–99–08197–TJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 24, 2004.*

Decided Aug. 27, 2004.

Lawrence C. Fox, Marvin Wexler, Korn-
stein, Veisz & Wexler, New York, NY, Eve
Triffo, Hennelly & Grossfeld, Pacific Pali-
sades, CA, for Plaintiffs–Appellees.

Scott J. Spolin, Spolin Silverman Cohen
& Bartlett, Santa Monica, CA, for Defen-
dant.

Stephanie L. Krafchak, Los Angeles,
CA, for Defendant–Appellant.

Before B. FLETCHER, HAWKINS,
and BERZON, Circuit Judges.

### MEMORANDUM**

We affirm the district court's entry of
final judgment against appellant Haya Zil-
ka. Although Zilka correctly asserts that,
despite the default judgment, she is enti-

---

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

tled to contest the sufficiency of the complaint, *see Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392–93 (9th Cir. 1989), her arguments regarding the complaint are without merit.

We assume without deciding that Rule 9(b) applies where a default judgment is entered as a result of terminating sanctions, even where no Rule 9(b) objection was raised before the answer was filed. Plaintiffs alleged sufficient facts in the second amended complaint to satisfy the Rule 9(b) particularity requirement with respect to its allegations of fraud. *See Cooper v. Pickett,* 137 F.3d 616, 625 (9th Cir.1997). Plaintiffs also sufficiently alleged that Zilka participated in the "operation or management" of the fraudulent enterprise to satisfy *Reves v. Ernst & Young,* 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). The complaint also contains sufficient allegations of the elements of common law fraud.

The complaint likewise contains sufficient allegations to support the violation of California Business and Professions Code § 17200, as this statute "works by borrowing violations of other laws and treating those transgressions, when committed as a business activity, as unlawful business practices." *Stevens v. Super. Ct.,* 75 Cal. App.4th 594, 89 Cal.Rptr.2d 370, 375 (1999) (internal citations and quotations omitted). Hence, the allegations regarding violations of RICO and California criminal and civil statutes in turn support the § 17200 claim.

Although Zilka's brief indicates she is also challenging whether the permanent injunction entered against her is overbroad and ambiguous, she failed to present any argument in support of this claim for relief. Accordingly, she has waived this argument. *See Greenwood v. FAA,* 28 F.3d

---

971, 977 (9th Cir.1994); Fed. R.App. P. 28(a).

Zilka's motion to augment the record on appeal is denied.

AFFIRMED.