**ABU–Bakr MOOD, an individual, Plaintiff—Appellee,**

v.

**GLOBAL DIAMOND RESOURCES, INC., a Nevada Corporation, Defendant—Appellant,**

**and**

**Johann De Villiers, an individual; et al., Defendants.**

No. 03–56244.

D.C. No. CV–99–01565–BTM/NLS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided Feb. 17, 2005.

Steven H. Haney, Haney, Buchanan & Patterson, Los Angeles, CA, for Plaintiff–Appellee.

Paul Nyquist, Daniel S. Miller, Voss, Cook & Thel LLP, Newport Beach, CA, Johann De Villiers, La Jolla, CA, for Defendant–Appellant.

■■■

Before HUG, FERGUSON, and HAWKINS, Circuit Judges.

### MEMORANDUM*

Defendant–Appellant Global Diamond Resources, Inc. ("GDRI") appeals the District Court's denial of its motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. Because the District Court did not abuse its discretion in denying GDRI's Rule 55(c) motion, we affirm.

■ The District Court properly exercised its discretion by applying the correct "good cause" standard for setting aside an entry of default under Rule 55(c). The District Court considered whether GDRI engaged in culpable conduct that led to the default, and whether reopening the default entry would prejudice the plaintiff. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696–97 (9th Cir.2001). Although the District Court did not consider whether GDRI had any meritorious defenses, we have held that the "[good cause] factors are disjunctive," and, therefore, "the district court was free to deny the motion 'if any of the three factors was true.'" *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir.2004) (citation omitted).

■ The District Court reasonably concluded that GDRI engaged in culpable conduct that led to the default. A defendant's conduct is culpable when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Alan Neuman Prods., Inc. v. Al-*

*bright*, 862 F.2d 1388, 1392 (9th Cir.1988); *see also United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir.1993) (noting that entry of default judgment is "perfectly appropriate" when a corporation fails to retain an attorney for litigation). In fact, despite knowing that Mood filed a motion for entry of default on July 30, 2002, GDRI waited more than six months to file its motion to set aside the entry of default. The District Court correctly concluded that there was no reasonable excuse for GDRI's inaction.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

