**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**SMALL CAP RESEARCH GROUP, INC.; et al., Defendants–Appellants.**

No. 05–15638.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2007.*

Filed Feb. 16, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey B. Norris, Esq., Securities & Exchange Commission, Fort Worth, TX, Mark Pennington, Esq., Michael L. Post, Esq., Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Ulysses Ware, Norcross, GA, for Defendants–Appellants.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Ulysses Thomas Ware, Investment Technology, Inc. (IT), Thomas D. Vidmar, Rosenfeld, Goldman & Ware, Inc. (RGW), Small Cap Research Group, Inc., and Centennial Advisors, L.L.C., (collectively, "Ware," unless otherwise indicated) appeal the district court's order denying dismissal of the complaint by the Securities and Exchange Commission (SEC), entry of default judgment, denial of their motion to set aside the judgment, and imposition of a permanent injunction. We affirm.

I

The complaint adequately states how and why press releases and analyst reports were false when issued. *In re Glen-*

** This disposition is not appropriate for publication and is not precedent except as provid-

*Fed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548–49 (9th Cir.1994) (en banc). As Ware concedes that the Private Securities Litigation Reform Act, 15 U.S.C. §§ 78u–4, *et seq.*, does not apply, the allegations must only pass muster under Fed.R.Civ.P. 9(b), which they do. Scienter may be, and has been, averred generally. *See, e.g., Ponce v. SEC,* 345 F.3d 722, 729 (9th Cir.2003) (noting that recklessness suffices). Ware's argument that statements of "optimism" or "puffery" aren't actionable fails as this case turns on the standards of Rule 9(b), not on the materiality standards for Rule 10b–5 upon which he relies. *See Fecht v. Price Co.,* 70 F.3d 1078, 1081–82 (9th Cir. 1995). Falsity that is not forward-looking is plainly alleged in that the on-line casino never produced revenue or handled a bet. And it appears on the face of the pleading that defendants jointly issued the press releases and analyst reports under the names RGW, Small Cap and Centennial.

II

Discovery stays are reposed in the sound discretion of the district court, and we cannot say that it was abused here just because, as Ware contends, his motion to dismiss was pending and in those circumstances the court *could* have held discovery in abeyance. All this means is that the court could also conclude that discovery should *not* be stayed. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

III

As Ware had neither filed an answer to the complaint for months after it was due under Rule 12(a)(4)(A), nor offered any plausible explanation why not, the district

ed by 9th Cir. R. 36-3.

court's entry of default was unremarkable. *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886–87 (9th Cir.2001). Even if not waived, Ware's suggestion on appeal that more time could have been allowed for retaining local counsel is unpersuasive. Nothing in the district court's order denying his motion to dismiss indicates that the Federal Rules do not apply and, in any event, Ware could have sought relief or clarification but did not. By the same token, the district court's reinstatement of the Local Rule's local counsel requirement did not "remove" Ware as counsel; he remained as counsel *pro hac vice* but merely had to *associate* local counsel willing to co-sign the papers he filed. Local Rule IA 10–2(d).

Ware's opposition to the SEC's motion to enter default judgment, filed more than six weeks before the court issued its order, belies his lack-of-notice argument. While he correctly points out that no hearing was held, one is not required when the amount at issue is for an uncontested sum, as it was here. Fed.R.Civ.P. 55(b)(2); *Davis v. Fendler*, 650 F.2d 1154, 1162 (9th Cir. 1981).

Beyond this, we cannot say that the court abused its discretion in denying Ware's motion to set aside the default. It was based on Ware's culpable conduct in refusing to answer the complaint for months after it was due as well as his failure to engage local counsel. Whether or not also required to set aside a default judgment, it appears that Ware offered no meritorious defense, and that the SEC together with the public it represents, would be prejudiced by lifting the judgment. *Compare Alan Neuman Prod. v. Albright*, 862 F.2d 1388, 1391–92 (9th Cir.1989) (as amended) (stating the factors disjunctively); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001) (stating the factors conjunctively).

## IV

Assuming the issue was preserved, we see no problem in the procedure followed by the district court in granting a permanent injunction. A reasonable inference of future violations arises from an established violation of the securities laws. Here, the allegations taken as true given the default, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987), show a violation of the securities laws. For that, a permanent injunction lies for enjoining future violations. Furthermore, Ware does not quarrel with any specific term of the injunction as being beyond the scope of the complaint.

AFFIRMED.