**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEFA S. LOPEZ; JOSE TRINIDAD CASAS; MARIA C. CASAS; LYNDON B. GRAVES; TYRONE EVENSON; MICHELLINA EVENSON; BRYAN GRAY; HELEN GRAY; PATRICK FRANKOSKI; CHRISTOPHER PETERNELL,

          Plaintiffs - Appellants,

  v.

FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae and Freddie Mac,

          Intervenor-Defendant - Appellee,

EXECUTIVE TRUSTEE SERVICE, LLC; COUNTRYWIDE HOME LOANS, INC.; GMAC MORTGAGE, LLC; NATIONAL CITY MORTGAGE; NATIONAL CITY CORPORATION; PNC FINANCIAL SERVICES, INC.; AIG UNITED GUARANTY CORPORATION; WELLS FARGO BANK, NA; BANK OF AMERICA, NA; RECONSTRUCT;

No. 11-17645

D.C. No. 3:09-cv-00180-ECR-VPC

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SAXON MORTGAGE SERVICES INC.; GALE GROUP; SECURITY UNION TITLE INSURANCE COMPANY; NATIONAL DEFAULT SERVICING CORPORATION; NATIONAL CITY BANK; WELLS FARGO HOME EQUITY; WELLS FARGO HOME MORTGAGE, INC.; CHEVY CHASE BANK FSB; HOMECOMINGS FINANCIAL, LLC,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted November 8, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Plaintiffs, homeowners whose home loans have fallen into default, appeal the district court's order dismissing their Second Amended Complaint ("SAC") under Federal Rules of Civil Procedure 9(b) and 12(b)(6). We affirm.

Plaintiffs challenge the order of the Judicial Panel on Multidistrict Litigation ("JPML") transferring this case to the U.S. District Court for the District of Arizona ("MDL Court") and the MDL Court's order interpreting the JPML's order.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

We lack jurisdiction to review the JPML's order because Plaintiffs have not sought a writ of mandamus. 28 U.S.C. § 1407(e); *see In re Wilson*, 451 F.3d 161, 168 (3d Cir. 2006). Plaintiffs waived their challenge to the MDL Court's order by not "specifically and distinctly" arguing it in their opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

The district court properly dismissed Plaintiffs' fraud in the inducement claims for failure to plead fraud with particularity. *See* Fed. R. Civ. P. 9(b). In order to successfully plead claims grounded in fraud, a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (quoting *Alan Neuman Prods, Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988)). Plaintiffs' SAC fails to provide the necessary allegations of "the who, what, where, when, and how" of the fraud. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1998)).

The district court properly dismissed Plaintiffs' claim for unjust enrichment. Under Nevada law, unjust enrichment is not available when the parties had an express, written contract. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Even if unjust enrichment is

3

available when an express contract is procured by fraud, Plaintiffs did not plead fraud with particularity.

Because Plaintiffs' claims for fraud in the inducement and unjust enrichment both fail, the district court also properly dismissed their requests for injunctive and declaratory relief.

Although leave to amend should be granted with "extreme liberality," *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)), "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Plaintiffs already amended their complaint once as of right and once with the leave of the district court. Contrary to the assertions in their opening brief, Plaintiffs made no motion for leave to amend their SAC. The district court did not abuse its discretion, either in failing to make Plaintiffs an unsolicited offer to amend their SAC or in dismissing the complaint with prejudice.

**AFFIRMED.**