**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT BIZAR, dba Fantasy Games Unlimited, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JEFFREY DEE; JACK HERMAN, <br><br> Defendants - Appellants. | No. 12-17826 <br><br> D.C. No. 2:11-cv-02036-MEA <br><br> MEMORANDUM[*] |
| SCOTT BIZAR, dba Fantasy Games Unlimited, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JEFFREY DEE; JACK HERMAN, <br><br> Defendants - Appellees, <br><br> and <br><br> MONKEY HOUSE GAMES, INC., <br><br> Defendant. | No. 13-15361 <br><br> D.C. Nos. 2:11-cv-02036-MEA <br> 2:11-cv-02247-MEA |

        [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| SCOTT BIZAR, dba Fantasy Games Unlimited, | No. 13-16126 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-02036-MEA |
| v. | |
| JEFFREY DEE; JACK HERMAN; MONKEY HOUSE GAMES, INC., | |
| Defendants - Appellants. | |

Appeals from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding

Argued and Submitted July 7, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District Judge.

In the 1970s, Jeffrey Dee and Jack Herman contracted with Fantasy Games Unlimited, Inc. ("FGU, Inc."), to publish their fantasy role-playing game, Villains and Vigilantes. FGU, Inc., dissolved in 1991, but the company's co-founder and former vice president, Scott Bizar, continued to sell Villains and Vigilantes and related products. Over the years, the business relationship soured. In 2010, Dee

---

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

and Herman began publishing and selling Villains and Vigilantes and related products.

In 2011, Dee and Herman filed an action ("Dee/Herman Action") in the United States District Court for the Middle District of Florida against Bizar, alleging copyright infringement. Three months later, Bizar filed an action ("Bizar Action") in the United States District Court for the District of Arizona, alleging defamation, commercial disparagement, trademark infringement in violation of federal law, related violations of state law, and breach of contract. The Florida action was transferred to Arizona, and the district court consolidated the cases. The district court entered a default judgment against Dee and Herman on the defamation and commercial disparagement claims, held a hearing, and awarded Bizar $52,300 in damages. The district court granted summary judgment in favor of Dee and Herman as to all other claims.

Bizar appeals the district court's summary judgment order. Dee and Herman cross-appeal the district court's (1) denial of their motion to set aside default and entry of default judgment on the defamation and commercial disparagement claims, (2) damages award, and (3) denial of their motion to reopen the judgment to address copyright infringement damages. We affirm in part, reverse in part, and remand for further proceedings.

3

1. The district court did not abuse its discretion in refusing to set aside the default against Dee and Herman or in entering default judgment on two of Bizar's claims against them. See United States v. Signed Personal Check No. 730 (Mesle), 615 F.3d 1085, 1091 (9th Cir. 2010) (stating the standard of review for refusal to set aside default); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1391 (9th Cir. 1988) (same for entry of default judgment). None of the defenses asserted by Dee and Herman are meritorious, and the failure to assert a meritorious defense is fatal to a defendant's motion to set aside default and appeal from entry of default judgment. United States v. Aguilar, 782 F.3d 1101, 1106 (9th Cir. 2015).

(a) Dee and Herman waived any objection to personal jurisdiction in the Bizar Action by litigating the Dee/Herman Action in district court in Arizona, because the claims in both actions arose from the same series of transactions and occurrences. See Schnabel v. Lui, 302 F.3d 1023, 1038 (9th Cir. 2002) (holding that "where all parties appeared as plaintiffs, and all claims arose from the same transaction or occurrence, the district court properly exercised personal jurisdiction over all parties"). Although Dee and Herman initially filed the Dee/Herman Action in the Middle District of Florida, they did not oppose Bizar's motion to transfer that action to Arizona, and they never attempted to raise the issue of personal jurisdiction in that action. Moreover, Dee and Herman moved to

4

consolidate the two cases even before receiving a ruling on the personal jurisdiction defense they had raised in their motion to set aside default in the Bizar Action.

(b) Bizar's assertion, in his complaint, that the statements on the website were "malicious" necessarily includes an allegation that Dee and Herman knew that the statements were false or were reckless as to their truth. N.Y. Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964).

(c) Dee and Herman denied all of the allegations in Bizar's complaint, but this unsubstantiated general denial did not constitute a meritorious defense. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). And Dee and Herman waived their opportunity to "present specific facts that would constitute a defense" by failing to assert such facts in their briefing to this court. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147 (2001).

2. The district court's award to Bizar of $52,300 in damages is not clearly erroneous. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (stating the standard of review). The district court permissibly relied on Bizar's testimony about lost business opportunities and lost sales. See Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co., 680 P.2d 1235, 1245 (Ariz. Ct. App. 1984) (holding

5

that a finder of fact's damages calculation must be guided by "some rational standard").

3. We have jurisdiction to review the district court's summary judgment order because, when combined with the order denying Dee and Herman's motion to reopen the judgment to address damages, it is a final judgment that resolves all remaining claims in the case. Schnabel, 302 F.3d at 1036. Reviewing de novo, Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), we hold that summary judgment in favor of Dee and Herman was proper on the copyright claims. The 1979 contract granted to FGU, Inc., publication rights to the 1979 Villains and Vigilantes Rulebook. The parties' course of conduct extended the contract to apply to the 1982 Rulebook, as well. But the contract expressly provided that the agreement would terminate by operation of law if FGU, Inc., ceased to do business for any reason. The agreement also prohibited the assignment of any rights under the contract without the written consent of the other parties. By the terms of the agreement, when FGU, Inc., was dissolved in 1991, all rights to the 1979 and 1982 Rulebooks reverted to Dee and Herman. Accordingly, all sales after the 1991 dissolution of FGU, Inc., of the 1979 or 1982 Rulebooks were infringing acts.

Laches does not bar the Dee/Herman Action because that defense is unavailable in an action under the Copyright Act. Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1972–73 (2014). And equitable estoppel does not prevent Dee and Herman from bringing their copyright claims, because they took prompt action to assert their rights soon after they learned, in 2010, that FGU, Inc., had stopped doing business in 1991.

4. The district court clearly erred when it issued a final judgment without addressing copyright damages and abused its discretion in refusing to reopen the judgment for that purpose. See Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) (stating the standard of review). Dee and Herman sought actual and statutory damages in their complaint, and they did not seek summary judgment as to damages. Although their motion to reopen the judgment did not clearly articulate their damages argument, their reply sufficiently indicated what damages they were seeking. We therefore reverse and remand for the district court to address damages.

5. Neither party is entitled to summary judgment on the Lanham Act claims. The record demonstrates that Bizar at one time owned the trademark, which was not part of the copyright contract between the parties. But there remain genuine issues of material fact as to whether Bizar abandoned the trademark within the

meaning of 15 U.S.C. § 1127 and whether, even if he did, Bizar reacquired ownership of the mark through subsequent exclusive use in commerce. Although the statute creates a presumption of abandonment after three years of non-use, that presumption may be rebutted by evidence of valid reasons for non-use or lack of intent to abandon. Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 769 F.2d 1393, 1396 (9th Cir. 1985). Because Bizar stated in his affidavits that he continuously used the trademark and never intended to abandon it, summary judgment on these claims was inappropriate. See Becker v. Williams, 777 F.3d 1035, 1041 (9th Cir. 2015) ("Summary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles." (internal quotation marks omitted)).

6. We also reverse the grant of summary judgment as to the unfair competition and misappropriation claims, because the success of those state-law claims is tied to whether Bizar owned the trademark at the time of Dee and Herman's alleged infringement. Reviewing de novo, Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001), we conclude that the district court should apply Arizona law to these state-law claims. Taking into consideration the factors outlined in the Restatement, Arizona—the place where Bizar resided when the alleged infringement took place—"has the most significant relationship

8

between the occurrence and the parties." Restatement (Second) of Conflict of Laws § 145(1) (1971); see Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (stating that Arizona follows the Restatement's choice-of-law analysis). Dee and Herman have not argued to this court that Bizar's state-law claims are preempted by federal law, but we note that the district court relied on precedent interpreting federal copyright law, rather than federal trademark law, in its preemption analysis.

7. The district court properly granted summary judgment to Dee and Herman on Bizar's breach of contract claim. As we have explained, the contract terminated in 1991, and the complaint identifies no actions taken by Dee or Herman before 1991 that could have constituted a breach.

AFFIRMED in part, REVERSED and REMANDED in part. The parties shall bear their own costs on appeal.