**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SHELLIE MELISSA HALPER, | No. 18-60019 |
| Debtor, | BAP No. 17-1171 |
| SHELLIE MELISSA HALPER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| TWIN PALMS LENDING GROUP, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted November 6, 2019[**]
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant-Appellant Shellie Halper appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming the Bankruptcy Court's entry of default judgment in favor of Plaintiff-Appellee Twin Palms Lending Group. We have jurisdiction under 28 U.S.C. § 158(d)(1) and we affirm. We review the grant of terminating sanctions and the entry of default judgment for abuse of discretion. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir.1989).

Halper contends the Bankruptcy Court erred in issuing terminating sanctions without considering the appropriate factors. *See Conn. Gen. Life Ins. Co*., 482 F.3d at 1096. She is not correct. After months of warnings from the Bankruptcy Court regarding Halper's failure to comply with court orders regarding her discovery abuses and considering all other relevant circumstances, the Bankruptcy Court first issued a lesser sanction, requiring Halper to pay some of Twin Palms's fees incurred as a result of her delay. The Bankruptcy Court explained that if she failed to pay this initial sanction, it would grant terminating sanctions. Halper acknowledged this. It was only after Halper did not comply with this initial sanction that the Bankruptcy Court granted terminating sanctions. Given the

2

lengths the Bankruptcy Court went to before granting terminating sanctions, we hold that there was no abuse of discretion. *Id.*

Nor did the Bankruptcy Court abuse its discretion in awarding default judgment. In reviewing a default judgment, we must take the well-pleaded factual allegations of the complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, the well-pleaded factual allegations of Twin Palms's complaint show that each of the elements of 11 U.S.C. § 523(a)(2)(A) was met, and, indeed, Halper did not attempt to challenge the allegations or the evidence. The Bankruptcy Court did not abuse its discretion by granting default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

We also reject Halper's contention that the Bankruptcy Court's damages award was excessive. Twin Palms's complaint sought a base amount of damages, as well as interest, penalties, and reasonable attorneys' fees. At the default judgment hearing, which Halper attended, Twin Palms submitted declarations carefully calculating the amount of damages, which Halper had the opportunity to oppose, but did not. We hold that there was no error in the Bankruptcy Court's award of damages.

**AFFIRMED.**