**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS CENTRAL PENNSYLVANIA & REGIONAL HEALTH & WELFARE FUND, et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AMGEN, INC., <br><br> Defendant - Appellee. | No. 09-56118 <br><br> D.C. No. 08-ML-01934 PSG (AGRx) <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 8, 2010
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appellants' complaint cannot survive a motion to dismiss because it failed to plead its allegations of fraud under RICO, 18 U.S.C. § 1962(c), and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, with particularity. *See* Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The complaint did not identify statements or representations made by Amgen that were literally false or misleading at the time they were made, as required in a civil RICO action based on mail and wire fraud. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399-1401 (9th Cir. 1986); *see also* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1962(c) (RICO). Nor did the complaint identify material omissions in derogation of an independent statutory or fiduciary duty to disclose. *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987). Though the complaint alleged that Amgen concealed adverse test results while promoting Aranesp and Epogen for various off-label uses, the complaint did not identify any concealed study results that involved the drugs and uses that Amgen is alleged to have directly promoted, and Appellants confirmed at oral argument that there were none.

Moreover, the complaint failed to plead a cognizable theory of proximate causation that links Amgen's alleged misconduct to Appellants' alleged injury. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654-55 (2008). Instead, the complaint proffered an attenuated causal chain that involved at least four independent links, namely, (1) the USP-DI's listing of Aranesp for anemia of cancer, (2) Medicare's decision to cover Aranesp for anemia of cancer, (3) third-party payors' decision to cover Aranesp for anemia of cancer (in addition to covering Aranesp for anemia in heart failure patients and cancer directly, and Epogen for all of these uses), and (4) doctors' decisions to prescribe Aranesp and Epogen for these uses. This causal theory is too attenuated to satisfy the Supreme Court's proximate causation requirement in the RICO context. *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 989 (2010) (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 271, 274 (1992)).

The complaint also failed to satisfy Rule 9(b) with respect to its UCL claims, *Kearns*, 567 F.3d at 1125, because it did not explain why Amgen's conduct was fraudulent, *id.*, or allege an adequate theory of causation or reliance. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009); *see also Hall v. Time Inc.*, 158 Cal. App. 4th. 847, 855-56 & nn. 2-3 (Ct. App. 2008). Because the complaint sounded in fraud, all of its allegations are subject to Rule 9(b)'s pleading requirements.

3

*Kearns*, 567 F.3d at 1125; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Consequently, the district court properly dismissed the complaint in its entirety, including its UCL "unlawful" and "unfair" claims.

Appellants' failure to add the requisite particularity to the complaint, even after the district court previously granted Appellants leave to amend with specific instructions about how to cure the defects in the complaint, is "'a strong indication that the plaintiffs have no additional facts to plead.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1098 (9th Cir. 2002)). Moreover, a district court's discretion to deny leave to amend is "particularly broad" where, as here, the plaintiff has previously filed an amended complaint. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)) (internal quotation marks omitted). Because Appellants have previously failed to remedy the defects in their complaint, and those defects appear to be incurable, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)), the district court did not abuse its discretion in dismissing Appellants' complaint with prejudice.

**AFFIRMED**.