NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH PERCIBALLI, Co-executors of the Estate of Richard Nieto; LOUIS NIETO, Jr., Co-executors of the estate of Richard Nieto, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> HENRY L. NG, <br><br> Defendant-Appellant, <br><br> and <br><br> GILBERT BURCIAGA; et al., <br><br> Defendants. | No. 17-55679 <br><br> D.C. No. 8:08-cv-01168-JVS-AN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 15, 2018**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

---

&ast;       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Attorney Henry L. Ng appeals pro se from the district court's entry of default judgment against him in this diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the grant of a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir. 1988). We affirm.

The district court did not abuse its discretion by granting plaintiffs' motion for default judgment because the sufficiency of the complaint, the merits of plaintiffs' substantive claims, and the fact that the default was not due to excusable neglect weighed in favor of entering default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth factors in determining whether to enter default judgment).

We reject as without merit Ng's contentions that the district court lacked diversity jurisdiction, plaintiffs lacked standing to bring their claims, and that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' request for judicial notice (Docket Entry No. 20) is denied as

unnecessary.

**AFFIRMED.**